UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KERENNA ROBBINS,**

    **Plaintiff,**

**v.**                                                              Case No: 5:20-cv-299-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## ORDER

This matter is before the Court on the unopposed motion of Plaintiff's counsel, Richard A. Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. § 406(b) in the amount of $2,838.67. (Doc. 40). In support of the motion, Mr. Culbertson filed a signed fee agreement in which the Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 40-1). Mr. Culbertson represents to the Court that the Commissioner of Social Security has no objection to the requested fees in the motion.

In his motion, Mr. Culbertson stated that the fee requested in the amount of $2,838.67 was based on 25% of the past due benefits that the Social Security Administration awarded to the Plaintiff. (Doc. 40 at p. 2). Citing the second page of the Social Security Administration's Notice of Award dated July 29, 2024, Mr. Culbertson contended that the amount of Plaintiff's past due benefits should be $39,995.12 since the Commissioner withheld $9,998.78 in attorney's fees or 25% of Plaintiff's past due benefits. *Id*. In the Notice of Award, however, the Social Security Administration indicated that the amount of Plaintiff's past due benefits was $20,280.10 and that it withheld $5,070.03 in attorney's fees or 25% of Plaintiff's

past due benefits. (Doc. 40-2 at p. 4). Given this discrepancy noted between the motion and the Notice of Award, the Court directed the Plaintiff to show cause why the motion should not be denied. (Doc. 41). Mr. Culbertson filed a response and provided additional evidence to support his position. (Doc. 42).

## I. Background

On August 23, 2022, the Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 35). On September 14, 2022, the Court awarded attorney's fees to Mr. Culbertson under the Equal Access to Justice Act ("EAJA") in the sum of $7,160.11[1] for time spent representing the Plaintiff before this Court. (Doc. 38). By letters dated May 16, 2022, December 15, 2022, and July 29, 2024, the Commissioner awarded Plaintiff with past due benefits and withheld attorney's fees (representing 25% of Plaintiff's past due benefits) in the amounts of $83.75, $4,845.00, and $5,070.03, respectively, totaling $9,998.78.[2] (Doc. 42 at pp. 1-2; Doc 42-1 at p. 3; Doc 42-2 at pp. 1-3; Doc. 42-3 at pp. 2, 4). Pursuant to the fee agreement, Mr. Culbertson contends that the attorney fee payable from Plaintiff's past due benefits is $2,838.67, equaling 25% of the past due benefits ($39,995.12)—or $9,998.78—minus the previously awarded EAJA fees in the amount of $7,160.11. (Doc. 40 at p.2; Doc. 42 at p. 3).

## II. Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in

---

[1] The Court also awarded Mr. Culbertson with $905 in costs for the filing fee. (Doc. 38 at p. 2).

[2] The notices issued by the Social Security Administration indicate that it withheld a total of $9,998.78 in attorney's fees, representing 25% of Plaintiff's past due benefits. Since 25% of Plaintiff's past due benefits is $9,998.78, the amount of Plaintiff's past due benefits is $39,995.12.

excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

      Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation he is not entitled to, and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Mr. Culbertson has submitted a signed fee agreement in which the Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded to her. (Doc. 40-1). Moreover, Mr. Culbertson submitted records showing that he and his associate spent at least 32.1 hours on this case before it was remanded, and it does not include

- 4 -

time billable under the EAJA or time spent representing the Plaintiff at the administrative level. (Doc. 37 at p. 2).

Accordingly, for the foregoing reasons, and in the absence of any objection by the Commissioner, Mr. Culbertson's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. § 406(b) (Doc. 40) is due to be **GRANTED**. Section 406(b) fees are approved for Mr. Culbertson in the sum of $2,838.67.

**DONE** and **ORDERED** in Ocala, Florida on September 11, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties